UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LA'SHANDA MICHELE FARMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-207 NCC |
| ) | |
| F.B.I., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e *et seq.*, for employment discrimination. The motion is granted. On initial review, however, the Court will dismiss plaintiff's case without prejudice under 28 U.S.C. § 1915(e).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff alleges she has been an investigator for the FBI since 1985, but has never been paid. She states:

> The workers at the downtown St. Louis, MO office and Springfield, IL knew of my struggles as a single mother and the pain me and my children went through. I would call and sometimes they would hang up and they still do. They didn't care if we had food, a place to live, transportation, or daycare. They made [us] live off of food stamps and [illegible] and general assistance.
>
> When I had my first child on Aug. 19, 1987 at Belleville Memorial Hospital in Belleville, IL they did nothing to assist in getting my child. I called and told them I was homeless, I had no money and no identification. I then called again the same year I went Job Corps, the agent asked me did I use my real name which is Shonda Williams, I said no. I told him I was in the hospital under the La'Shanda Michele Farmer 3/24/73 name and DOB and I was in a car accident. I also told him that the woman that uses the name Yvette V. [illegible] hit me in the top of the head with a hammer. I have the scar still on my right frontal lobe is from the car accident and I had surgery. He told me to meet him at the Social Security Office to get the SSN for that made up name and get my child. I told him I had no money, he got mad at me etc.

For relief, plaintiff states:

> I want my [salary] I haven't received since after 1985, and justice for me and my children. I want my two oldest children. I want to end my employment. I want my biological birth certificate and SSN.

## Discussion

Plaintiff's complaint is largely duplicative of one she filed in the Southern District of Illinois on December 10, 2013. *See Farmer v. Dep't of Justice (FBI)*, No. 3:13-CV-1272 DRH-PMF (S.D. Ill. filed Dec. 10, 2013). That case was dismissed as frivolous and without merit.

2

*See id.* at ECF No. 5. This case, too, will be dismissed on initial review as frivolous and without merit.

Plaintiff believes she was hired in 1985 and is still employed as an FBI investigator; however, she has never been paid. She states the FBI kept her working after she wanted to end her employment and her "two oldest [children] got kidnapped." She claims "they knew of plots that people attempted and harmed me and my children."

None of these allegations, even if accepted as true, suffice to state a claim that plaintiff suffered unlawful discrimination as an employee of the FBI. Nor does the complaint state a plausible claim for violations of her constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Additionally, the Court finds the allegations in plaintiff's complaint are factually frivolous under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). An action is factually frivolous if the facts alleged are "clearly baseless." Allegations are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Id.* The Court finds plaintiff's complaint is frivolous and without merit, and should be dismissed under 28 U.S.C. § 1915(e)(2)(b).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

3

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 7th day of February, 2018.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE